UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODOLFO UDIAL VASQUEZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:25-cv-02597-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.     INTRODUCTION AND BACKGROUND

Petitioner Rodolfo Udial Vasquez Garcia is an individual who entered the United States without inspection years ago, was apprehended by immigration officers on May 28, 2025, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 2–3, 17; Dkt. 7 ¶¶ 6, 9. In June 2025, Vasquez Garcia requested release on bond from an Immigration Judge ("IJ"), who denied the request on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶ 52; Dkt. 7 ¶ 10. In the alternative, the IJ ruled that he was ineligible for release on bond because he presented a danger to the community. Dkt. 7 ¶ 10.

In October 2025, an IJ ordered that Vasquez Garcia be removed to Mexico. *Id.* ¶ 11. Vasquez Garcia appealed that order, and the appeal remains pending. *Id.* ¶ 12.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

On December 17, 2025, Vasquez Garcia filed a petition for writ of habeas corpus. Dkt. 1. The Court then issued an order to show cause directing Respondents to file a return to the habeas petition by January 2, 2026, and allowing Vasquez Garcia to file a traverse by January 7, 2026. Dkt. 5. On January 2, 2026, Federal Respondents filed a return to the habeas petition. Dkt. 6. Vasquez Garcia did not file a traverse within the time limits set by the Court.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Vasquez Garcia is lawfully detained.

Vasquez Garcia argues that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 55–56; *see* 8 U.S.C. § 1226(a)(2) (permitting the government to release a detained noncitizen on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General"). He also claims that his arrest and detention violate due process. Dkt. 1 ¶¶ 57–61.

Vasquez Garcia's INA argument is unpersuasive. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973). Although Vasquez Garcia challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a danger to the community is a separate basis for the "legality of [his] custody." *See id.* In other words, even if Respondents treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under that separate finding.

Vasquez Garcia's due process argument also fails. He asserts that he "was arrested and is detained in violation of his rights under the Fourth Amendment of the United States Constitution," but he does not allege any facts to support that claim. Dkt. 1 ¶ 59; *see Davis*, 384 F.3d at 638. He further claims that "[t]he government's detention of Petitioner without a bond determination hearing to determine whether he is a flight risk or danger to others violates his right to due process." Dkt. 1 ¶ 61. However, as explained above, the IJ has already determined that he presents a danger to the community. Dkt. 7 ¶ 10.

Because Vasquez Garcia has not demonstrated by a preponderance of the evidence that "the fact or duration of his confinement" violates any law, *see Preiser*, 411 U.S. at 489, habeas relief is not available to him.

B. **Any arguments related to Vasquez Garcia's eligibility to apply for a T visa are not sufficiently developed.**

In the habeas petition, Vasquez Garcia asserts that he "is eligible to apply for relief in the form of a T visa, as the victim of human trafficking." Dkt. 1 ¶ 51. He also summarizes the policy concerns behind the T visa program and historical federal guidance on prosecutorial discretion in removal proceedings for T visa applicants, but he does not develop this argument further. *Id.* ¶¶ 8, 44–47. Federal Respondents contend that any argument related to Vasquez Garcia's eligibility for a T visa is waived, and that any such visa eligibility does not affect the lawfulness

of his detention. Dkt. 6 at 4; *see also* Dkt. 7 ¶ 13 ("According to a records check of immigration databases, Petitioner has not filed any applications for a T-Visa at this time.").

The Court agrees with Federal Respondents that Vasquez Garcia has not sufficiently developed any arguments or claims related to his eligibility for a T visa. The Court does not decide whether Vasquez Garcia's T visa eligibility affects the lawfulness of his detention.

### IV.   CONCLUSION

Because Vasquez Garcia has not demonstrated that his detention is unlawful, the petition for writ of habeas corpus (Dkt. 1) is DENIED.

Dated this 12th day of January, 2026.

Tiffany M. Cartwright
United States District Judge